UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.05-CV10538-WGY

CHRISTOPHER ELLEN
Petitioner
v.
DONALD LEVESQUE
Respondent

Petitioner's Motion For Relief From Judgment
Or In The Alternative For Relief Pursuant To Fed.R App.P. 4(a)

Pursuant to Fed. R. Civ. P. 60(b), Mr. Ellen moves that this Court relieve him from the judgment entered in this case on April 7, 2005. The above-cited rule allows for such relief if the moving party demonstrates "excusable neglect". The rule also allows for relief if the judgment is void. Mr. Ellen can meet either of these Fed. R. Civ. P. 60(b) standards.

First, Mr. Ellen's counsel never received any notice of Judge Young's decision to sua sponte dismiss Mr. Ellen's habeas petition as untimely until counsel telephoned the Court on Tuesday, March 24, 2005. Counsel also had no reason to suspect that the petition would be dismissed as untimely as it was filed well within 90 days plus one year after the December 29, 2003 denial of Further Appellate Review by the SJC. See Clay v. U.S., 537 U.S. 522 (2003). Counsel's failure to file a motion for reconsideration within the 10 day required by Fed.R.Civ.P. 59 should, therefore, be considered "excusable neglect".

Further, a judgment is considered void under Rule 60(b) if it violates due process. See Doe v. Miller, 2005 U.S. App. Lexis 771 (6th Cir. 5/5/2005). It is a violation of due process for a judgment to issue without notice. Id. Thus, the above mentioned facts

concerning counsel's lack of notice of the petition's dismissal also suffice for this Court to find that the judgement is void and to relieve Mr. Ellen of that judgement pursuant to Rule 60(b).

In the alternative, Mr. Ellen moves pursuant to Fed.R.App.4(a)(6) for this Court to reopen the time to file an appeal. According to Rule 4(a)(6), a district court may reopen the time for filing a notice of appeal when the court finds: that the motion is filed within seven days after the moving party receives notice of the entry, that the party did not receive notice from the district court or from any party within 21 days after entry; and no party would be prejudiced by reopening the period. Mr. Ellen's counsel first received notice of the judge's dismissal well after 21 days had passed and well within seven days of the filing of this motion. In addition, there is no cognizable prejudice to the respondent. See Scott-Harris v. City of Fall River, 134 F.3d 427 (1st Cir. 1997). This Court, therefore, has sufficient grounds to reopen the time for appeal pursuant to Fed.R.App.4(a)(6).

As a final alternative. Mr. Ellen moves pursuant to Fed.R.App.4(a)(5)(A) for an extension of time to file a notice of appeal. That rule provides that: "[t]he district Court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and (ii) that party shows excusable neglect or good cause." See also Local Union No. 12004 USW v. Massachusetts, 377 F.3d 64 (1st Cir. 2004).

Mr. Ellen meets each of the requirements of the rule. First, the time for filing the notice of appeal prescribed by Rule 4(a) expired on May 7, 2005. Counsel is making this motion "no later than 30 days" after the expiration of the time for filing the notice of

appeal. Finally, Mr. Ellen has good cause for the late filing of this notice of appeal: his counsel never received notice of the Court's order dismissing the petition. Counsel only learned of the dismissal on May 24, 2005 when he called the Court.

     A memorandum and affidavit have also been filed. Pursuant to LR 7.1(A)(2) counsel for the petitioner certifies he attempted to resolve the above matter with Assistant Attorney General Cathryn Neaves, but she has not responded to his telephone calls.

                                    Respectfully submitted,

                                    "/S/David J. Barend"
                                    BBO #564032
                                    2 Stonewood Circle
                                    North Attleboro, MA 02760
                                    (508) 316-1171
                                    Dbarend@comcast.net