UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.05-CV10538-WGY

CHRISTOPHER ELLEN
Petitioner

v.

DONALD LEVESQUE
Respondent

Memorandum in Support of
Petitioner's Motion For Relief From Judgment
Or In The Alternative For Relief Pursuant To Fed.R App.P. 4(a)

FACTS

On December 29, 2003, the Massachusetts Supreme Judicial Court denied Mr. Ellen's Application for Further Appellate Review. On March 17, 2005, Mr. Ellen's counsel sent a petition for habeas corpus relief to this Court via the U.S. Post Office. The docket for the above-entitled case reveals that it was filed on March 18, 2005. Given that this petition was filed well within the limitation period (90 days plus one year from December 29, 2003), counsel had no reason to suspect any timliness issue.

Upon learning from Attorney David Nathanson that a habeas petition that he had filed had recently been dismissed without him receiving notice, counsel telephoned this Court to determine whether a similar action had taken place in this case. It was during counsel's telephone conversation with the clerk's office of this Court at approximately 4:00 p.m. on May 24, 2005 that counsel first learned that Judge Young had on April 7, 2005 sua sponte dismissed Mr. Ellen's petition as untimely. The person in the clerk's

office confirmed that the Court had counsel's correct mailing address and telephone number.

The next morning, counsel spoke with one of Judge Young's clerk's who informed counsel that an unsuccessful attempt had been made to provide counsel with the judge's decision via email at dbarend@attbi.com.  "Attbi.com" was the email suffix used by AT&T Broadband.  That company was purchased by Comcast in a highly publicized sale years ago.  After the buy out, all "attbi.com" accounts were switched to "comcast.net" accounts.  At that point any emails sent to attbi.com accounts would have been returned to the sender with notification that the message was undeliverable.

Later on May 25, 2005, counsel was able to have his proper email address entered into this Court's records.  Counsel then contacted Ms. Ginny Hurley at this Court's "Help Desk" telephone line.  Ms. Hurley stated that counsel had apparently registered for ECF and had provided dbarend@attbi.com as his email address.  Counsel asserted to Ms. Hurley that he had no recollection of signing up for ECF and had no ECF login password.  Further, given that counsel had never before filed a case in this Court, counsel could not understand how he could have knowingly signed up for ECF which apparently cannot be used without purchasing expensive software.  Ms. Hurley indicated that she has learned of numerous attorneys who have signed up for ECF without realizing that they had done so.

Ms. Hurley also informed counsel that if an email is sent but returned as undeliverable to the Court, it is the responsibility of one the clerks to contact counsel via telephone or letter to determine the reason for the problem.  No one contacted Mr. Ellen's counsel to inform him of any problem that this Court had in sending counsel Judge

Young's decision via email.  Ms. Hurley confirmed that there is a record of an attempt to contact counsel via email and that that attempt failed.  She also confirmed that there is no record of any attempt by any clerk to contact counsel to determine why there was difficulty with the email address.  As of today, March 26, 2005, counsel has yet to received any written or electronic notification from the Court of the April 7, 2005 dismissal.

## ARGUMENTS

### I. Relief From The Dismissal Should be Provided Pursuant to Fed.R.Civ.P. 60(b)

According to Fed.R.Civ.P. 59(b), once Judge Young filed his April 7, 2005 decision, Mr. Ellen had only 10 days to request a reconsideration and amendment of that judgment. Fed.R.Civ.P. 60(b), however, allows a petitioner one year to obtain relief from a judgment provided "excusable neglect" can be established.  Among the factors a court should consider in determining the existence of "excusable neglect" are the reason for the delay, the length of the delay and the danger of prejudice to the non-moving party. Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001).

Given that Respondent has not filed any documents in this case, has not detrimentally relied on Judge Young's dismissal, and has not even responded to my phone calls, this Court should find that there would be no prejudice from granting this motion.  In addition the time that has elapsed from the expiration of the Rule 59(b) deadline is just over one month.  This can hardly be considered an excessive delay.

The most critical inquiry in assessing whether there has been "excusable neglect" is the reason for the delay. Hospital Del Maestro v. Nat'l Labor Relations Bd., 263 F.3d 173, 175 (1st Cir. 2001). Here, counsel received no notice of Judge Young's decision until he telephoned this Court on May 24, 2005. The First Circuit Court of Appeals recently cited to 10A Wright, Miller & Kane, § 2695 as supporting the conclusion that lack of notice suffices for "excusable neglect". U.S. v. $23,000 U.S. Currency, 356 F.3d 157 (1st Cir. 2004). See also Wallace v. McManus, 776 F.2d 915, 917 (10th Cir. 1985) (per curiam) (finding "excusable neglect" under Rule 60(b) when a pro se prisoner let an appeal deadline lapse after notice of the entry of judgment was sent to her former attorney rather than to her).

In addition, counsel also had no reason to suspect that the petition would be dismissed as untimely as it was filed well within 90 days plus one year after the December 29, 2003 denial of Further Appellate Review by the SJC. See Clay v. U.S., 537 U.S. 522 (2003). It was only upon learning from Attorney David Nathanson that a habeas petition that he had filed had recently been dismissed without him receiving notice, that counsel felt compelled to telephone this Court. Although it appears that the Court did attempt to notify counsel via email, the email address used was inoperable. Upon learning that the email notification went undelivered no one from this Court made any attempt to contact counsel via telephone or letter. Counsel's failure to file a motion for reconsideration within the 10 days required by Fed.R.Civ.P. 59(b) should, therefore, be considered "excusable neglect".

Further, a judgment is considered void under Rule 60(b) if it violates due process. See Doe v. Miller, 2005 U.S. App. Lexis 771 (6th Cir. 5/5/2005). It is a violation of due

process for a judgment to issue without notice. Id. Thus, the above mentioned facts concerning counsel's lack of notice of the petition's dismissal also suffice for this Court to find that the judgement is void and to relive Mr. Ellen of that judgement pursuant to Rule 60(b).

II. This Court Should Reopen The Time To File An Appeal Pursuant to Fed.R.App.4(a)(6).

It has long been held that failure to file a timely notice of appeal deprives the court of appeals of jurisdiction. Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264, 54 L. Ed. 2d 521, 98 S. Ct. 556 (1978). "Because of the perception that this rule led to harsh results when parties did not receive timely notice of the entry of judgment, such as when the clerk makes an error in mailing, Federal Rule of Appellate Procedure 4 was amended in 1991 to create a limited exception." Nguyen v. Southwest Leasing and Rental, Inc., 282 F.3d 1061 (9th Cir. 2002). Thus, as an alternative position, Mr. Ellen asserts that this Court should reopen the time to file the appeal pursuant to the amended Fed.R.App.4(a)(6).

According to Rule 4(a)(6), a district court may reopen the time for filing a notice of appeal when the court finds: that the motion is filed within seven days after the moving party receives notice of the entry, that the party did not receive notice from the district court or from any party within 21 days after entry; and no party would be prejudiced by reopening the period. Mr. Ellen's counsel first received notice of the judge's dismissal well after 21 days had passed and well within seven days of the filing of this motion. In addition, there is no cognizable prejudice to the respondent. See Scott-Harris v. City of

Fall River, 134 F.3d 427 (1st Cir. 1997). This Court, therefore, has sufficient grounds to reopen the time for appeal pursuant to Fed.R.App.4(a)(6).

III. This Court Should Grant An Extension Of Time To File An Appeal Pursuant To Fed.R.App.4(a)(5)(A).

As a final alternative argument. Mr. Ellen contends that an extension of time to file a notice of appeal is warranted pursuant to Fed.R.App.4(a)(5)(A). That rule provides that: "[t]he district Court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and (ii) that party shows excusable neglect or good cause." See also Local Union No. 12004 USW v. Massachusetts, 377 F.3d 64 (1st Cir. 2004).

Mr. Ellen meets each of the requirements of the rule. First, the time for filing the notice of appeal prescribed by Rule 4(a) expired on May 7, 2005. Counsel is making this motion "no later than 30 days" after the expiration of the time for filing the notice of appeal. Finally, Mr. Ellen has good cause for the late filing of this notice of appeal: as explained in argument I above, his counsel never received notice of the Court's order dismissing the petition. Counsel only learned of the dismissal on May 24, 2005 when he called the Court.

Respectfully submitted,

"/S/David J. Barend"
BBO #564032
2 Stonewood Circle
North Attleboro, MA 02760
(508) 316-1171
Dbarend@comcast.net