UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.05-CV10538-WGY

CHRISTOPHER ELLEN
Petitioner

v.

DONALD LEVESQUE
Respondent

Memorandum in Support of
Petitioner's Motion For Reconsideration and Amendment Of Judgment
Pursuant To Fed.R Civ.P.59

FACTS

Mr. Ellen's Application For Further Appellate Review was denied by the Massachusetts Supreme Judicial Court on December 29, 2003. He did not thereafter file a Writ of Certiorari to the United States Supreme Court. On March 17, 2005, counsel sent Mr. Ellen's habeas corpus petition to this Court via the U.S. Post Office. On March 21, 2005, counsel telephoned this Court and learned that the petition had been filed on March 18, 2005. The docket reveals that Mr. Ellen's petition was in fact filed on March 18, 2005. On April 7, 2005, Judge Young sua sponte dismissed Mr. Ellen's petition as untimely having been filed beyond AEDPA's one year statue of limitations period.

As discussed in detail in Mr. Ellen' Motion For Relief Pursuant to Fed.R.Civ.P. 60(b), counsel did not receive any notice of this dismissal until he telephoned this Court on Tuesday, May 24, 2005. Counsel has filed this motion prior to any ruling on the Motion For Relief Pursuant to Fed.R.Civ.P. 60(b).

ARGUMENT

Should this Court allow Mr. Ellen's Motion For Relief Pursuant to Fed.R.Civ.P. 60(b), it should also allow this Motion for Reconsideration and Amendment of Judgment pursuant to Fed.R.Civ.P. 59. Judge Young sua sponte dismissed Mr. Ellen's petition as untimely having been filed beyond AEDPA's one year statue of limitations period. A review of the relevant facts in conjunction with the applicable case law reveals that Judge Young's decision was erroneous.

The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal habeas corpus remedy to file his federal petition within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). In <u>Clay v. U.S.</u> 537 U.S. 522, 528 n.3 (2003), the United States Supreme Court noted that "The Courts of Appeals have uniformly interpreted "direct review" in §2244(d)(1)(A) to encompass review of a state conviction by this Court." In <u>Voravongsa v. Wall</u>, 349 F.3d 1, 2 (1st Cir. 2003), the First Circuit Court of Appeals specifically indicated that the time for seeking review by the U,S. Supreme Court is included in determining the date that a judgement becomes final for the purposes of AEDPA even if the petitioner did not file seek such review.

Mr. Ellen's Application For Further Appellate Review to the Massachusetts Supreme Judicial Court was denied on December 29, 2003. Thereafter, he had ninety days to seek a Writ of Certiorari to the United States Supreme Court. <u>See</u> Sup. Ct. R. 13(1), and Sup. Ct. R. 30. Mr. Ellen opted not to seek the writ causing the one-year period to begin to run on March 28, 2004. Mr. Ellen, therefore, had until March 27, 2005 to file his petition for habeas corpus relief. The docket reveals that Mr. Ellen's petition

was filed on March 18, 2005 - 9 days before his time to file under AEDPA expired. Thus, after reconsidering the facts and case law, this Court should amend its judgement pursuant to Rule 59 and remove Judge Young's sua sponte decision to dismiss based on lack of timeliness.

Respectfully submitted,

"/S/ David J. Barend"
BBO #564032
2 Stonewood Circle
North Attleboro, MA 02760
(508) 316-1171
Dbarend@comcast.net