UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER ELLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-10538-WGY |
| ) | |
| DONALD LEVESQUE, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S ANSWER TO PETITION

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases ("Rule 5"), Respondent Donald Levesque (the "Respondent"), hereby answers the Habeas Corpus Petition (the "Petition") filed by Petitioner Christopher Ellen (the "Petitioner"),[1] as follows.

1. The Respondent admits the allegations contained in Paragraph 1 of the Petition.

2. The Respondent admits the allegations contained in Paragraph 2 of the Petition.

3. The Respondent admits the allegation contained in Paragraph 3 of the Petition that the Petitioner received a sentence of between eighteen and twenty-five years, but denies that that was the sole sentence imposed.

4. The Respondent admits the allegations contained in Paragraph 4 of the Petition.

---

[1] Filed herewith is the Respondent's Rule 5 Appendix Accompanying his Answer.

5. The Respondent admits the allegations contained in Paragraph 5 of the Petition.

6. The Respondent admits the allegations contained in Paragraph 6 of the Petition.

7. The Respondent admits the allegations contained in Paragraph 7 of the Petition.

8. The Respondent admits the allegations contained in Paragraph 8 of the Petition.

9(a). The Respondent admits the allegations contained in Paragraph 9(a) of the Petition.

9(b). The Respondent admits the allegations contained in Paragraph 9(b) of the Petition.

9(c). The Respondent admits the allegations contained in Paragraph 9(c) of the Petition.

9(d). The Respondent admits that the grounds stated in Paragraph 9(d) of the Petition were raised, but denies that they were the sole grounds raised and further denies the validity of such grounds.

9(e)(1). The Respondent admits the allegations contained in Paragraph 9(e)(1) of the Petition.

9(e)(2). The Respondent admits the allegations contained in Paragraph 9(e)(2) of the Petition.

9(e)(3). The Respondent admits the allegations contained in Paragraph 9(e)(3) of the Petition.

9(e)(4).   The Respondent admits that the grounds stated in Paragraph 9(e)(4) of the Petition were raised, but denies the validity of such grounds.

10.   The Respondent admits the allegations contained in Paragraph 10 of the Petition.

11.   Paragraph 11 of the Petition does not contain any allegations.

12(A).   Paragraph 12(A) of the Petition contains one or more conclusions of law to which no response is required. To the extent a response is required, the Respondent denies the allegations contained in the "Ground one" portion of Paragraph 12(A) of the Petition. As to the "Supporting FACTS" portion of Paragraph 12(A) of the Petition, the Respondent states that the transcripts of the Petitioner's trial speak for themselves. Further answering, the Respondent denies that Paragraph 12(A)'s summaries of and excerpts from certain testimony and statements by participants in the Petitioner's trial are complete. The Respondent further denies the allegations contained in Paragraph 12(A) of the Petition to the extent that they characterize or interpret any testimony and/or statements made by participants in the Petitioner's trial, and to the extent that such allegations purport to represent any parts of such testimony and/or statements as facts, rather than as an allegations made by the speaker.

12(B).   Paragraph 12(B) of the Petition contains no allegations.

12(C).   Paragraph 12(C) of the Petition contains no allegations.

12(D).   Paragraph 12(D) of the Petition contains no allegations.

13.   Paragraph 13 of the Petition contains no allegations.

14. The Respondent admits the allegations contained in Paragraph 14 of the Petition.

15(a). The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15(a) of the Petition, and therefore denies those allegations.

15(b). The Respondent admits the allegations contained in Paragraph 15(b) of the Petition, except that the Respondent is without knowledge or information sufficient to form a belief as to the truth of whether the counsel listed was the Petitioner's sole counsel.

15(c). The Respondent admits the allegations contained in Paragraph 15(c) of the Petition, except that the Respondent is without knowledge or information sufficient to form a belief as to the truth of whether the counsel listed was the Petitioner's sole counsel.

15(d). The Respondent admits the allegations contained in Paragraph 15(d) of the Petition, except that the Respondent is without knowledge or information sufficient to form a belief as to the truth of whether the counsel listed was the Petitioner's sole counsel.

15(e). The Respondent admits the allegations contained in Paragraph 15(e) of the Petition, except that the Respondent is without knowledge or information sufficient to form a belief as to the truth whether of the counsel listed was the Petitioner's sole counsel.

15(f). Paragraph 15(f) of the Petition contains no allegations.

15(g). Paragraph 15(g) of the Petition contains no allegations.

16. The Respondent admits the allegations contained in Paragraph 16 of the Petition.

17 The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Petition, and therefore denies those allegations.

In accordance with Rule 5(b), the Respondent states that the Petitioner's action is defective for the reasons stated in the Affirmative Defenses listed below. The other information and/or materials required by Rule 5 are contained in Respondent's Appendix Accompanying His Answer, which is filed herewith.

**First Affirmative Defense**

The Petition fails to state a claim for which relief may be granted.

**Second Affirmative Defense**

The Petitioner is not entitled to relief, because he is not in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a).

**Third Affirmative Defense**

The Petition challenges state court determinations on questions of state law.

**Fourth Affirmative Defense**

The Petition raises questions of state law and other questions that do not allege a violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a).

**Fifth Affirmative Defense**

To the extent that the Petitioner's claims were decided on the merits by the courts of Massachusetts, such adjudication did not result in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  See 28 U.S.C. § 2254(d)(1).

### Sixth Affirmative Defense

To the extent that the Petitioner's claims were decided on the merits by the courts of Massachusetts, such adjudication did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the Petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence.  See 28 U.S.C. § 2254(d)(2).

### Seventh Affirmative Defense

The Petitioner's conviction rests on adequate and independent state law grounds.

### Eighth Affirmative Defense

The Respondent is an improper party because he is not the custodian of the Petitioner.

### Ninth Affirmative Defense

The Petition fails to name or join one or more indispensable parties.


The Respondent respectfully reserves the right to amend or supplement this Answer and the accompanying Appendix in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
Attorney General


 /s/ Randall E. Ravitz
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2852

Dated:  July 27, 2005