# United States Court of Appeals
## For the First Circuit

No. 06-1491
DC No. 05-cv-10538

CHRISTOPHER ELLEN,

Petitioner - Appellant,

v.

BERNARD BRADY, Superintendent,
Old Colony Correctional Center,

Respondent - Appellee.

## ORDER OF COURT

Entered: March 29, 2006
Pursuant to 1st Cir. R. 27(d)

    This court has docketed petitioner's appeal from the denial of his petition for relief pursuant to 28 U.S.C. § 2254 in Civil Action No. 05-10538 (D. Mass.). On February 14, 2006, the district court orally granted a certificate of appealability. Pursuant to Local Rule 22.1, "[i]f the district court grants a certificate of appealability, it must state which issue or issues satisfy the standard set forth in 28 U.S.C. §2253(c)(2)."

    We now transmit copies of petitioner's petition for relief pursuant to 28 U.S.C. § 2254 to the district court and request that it specify as to which issues the certificate was granted. See Local Rule 22.1(b). Copies of the district court's ruling shall be forwarded to this court.

By the Court:
Richard Cushing Donovan, Clerk

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY.

FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA
By: _____ Date: 3/29/06

MARGARET CARTER
By:_____
Chief Deputy Clerk

[Certified copy: Hon. William G. Young and Ms. Sarah A. Thornton, Clerk of the United States District Court of Massachusetts]

[cc: David J. Barend, Esq., Randall E. Ravitz, AAG]

Case 1:05-cv-10538-WGY   Document 1   Filed 03/18/2005   Page 1 of 12

AO 241 (Rev. 5/85)   PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | Massachusetts |
|---|---|---|
| Name: Christopher Ellen | | W68667 |

Place of Confinement: Old Colony Correctional Center

Name of Petitioner (include name under which convicted): Christopher Ellen

Name of Respondent (authorized person having custody of petitioner): Donald Levesque, Acting Superintendent

v.

The Attorney General of the State of: Massachusetts, Thomas Reilly

05-10538 WGY

## PETITION

1. Name and location of court which entered the judgment of conviction under attack.

   Essex County Superior Court, 34 Federal St., Salem, MA 01970

2. Date of judgment of conviction   October 16, 2000

3. Length of sentence   18-25 years

4. Nature of offense involved (all counts)   assault with intent to murder

   burglary-assault on occupant

   assault and battery by means of a dangerous weapon

   assault with intent to rape (required finding of not guilty entered)

5. What was your plea? (Check one)
   (a) Not guilty         ☒
   (b) Guilty             ☐
   (c) Nolo contendere    ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED  N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

MAGISTRATE JUDGE _____

(2)

AO 241 (Rev. 5/85)

(9) If you did appeal, answer the following:

(a) Name of court __Massachusetts Appeals Court__

(b) Result __judgement affirmed__

(c) Date of result and citation, if known __Oct. 28, 2003, #02-P-803__

(d) Grounds raised __1. Erroneous denial of motion for mistrial based on reference to silence 2. Improper closing statement by prosecutor 3. Required finding of not guilty should have been entered on burglary assault__

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court __Massachusetts Supreme Judicial Court__

(2) Result __Denial of Further Appellate Review application__

(3) Date of result and citation, if known __Dec. 29, 2003, FAR-13793__

(4) Grounds raised __1. Instruction on right to remain silent was reversible erro 2. Post-Miranda silence was used against Defendant 3. Instruction was insufficient to cure Post-Miranda silence error 4. Lack of burglary evidence__

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal: __5. Prosecutor's closing violated due process__

(1) Name of court _____

(2) Result _____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

(3)

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐        No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐        No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.        Yes ☐        No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(3)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a special ground for possible relief. You may raise any ground which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A.   Ground one: The references to petitioner's post-Miranda silence during the State's case constituted a violation that had substantial influence in determining the jury's verdict where the sequence of events included a jury instruction that was neither prompt nor proper.

Supporting FACTS (state *briefly* without citing cases or law) No evidence was entered during the trial that Petitioner made any voluntary statements to the police subsequent to receiving his Miranda warnings and refusing to waive his right to remain silent. During direct examination, however, the prosecutor asked a police officer a series of questions concerning Petitioner's understanding of his Miranda rights. After the officer testified that he read the Miranda warnings to Petitioner from a card, the prosecutor asked, "At the conclusion of giving him his Miranda warning, what if anything, did you say or do with him?" The officer responded, "On the bottom of the card is, you know, 'Do you wish to speak to me now, is on the bottom of it.' And on that when, I asked him to sign it he printed the word "no" and signed the card." Defense counsel objected and was (see addendum)

B.   Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

(5)

AO 241 (Rev. 5/85)

C.  Ground three: _____

   Supporting FACTS (state *briefly* without citing cases or law) _____

   _____

   _____

   _____

   _____

   _____

D.  Ground four: _____

   Supporting FACTS (state *briefly* without citing cases or law) _____

   _____

   _____

   _____

   _____

   _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

   _____

   _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
   Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

   (a)  At preliminary hearing   __Katherine Riley, Esq.__

   (b)  At arraignment and plea   __Katherine Riley, Esq.__

(6)

AO 241 (Rev. 5/85)

(c) At trial  Lawrence McGuire 1 Salem Green, Suite 408, Salem, MA 01970

(d) At sentencing  Lawrence McGuire, 1 Salem Green, Suite 408, Salem, MA 01970

(e) On appeal  David J. Barend, 2 Stonewood Circle, North Attleboro, MA 02760

(f) In any post-conviction proceeding  _____

(g) On appeal from any adverse ruling in a post-conviction proceeding  _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☒     No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐     No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐     No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

03-08-05
(date)

_____
Christopher G. Ellen
Signature of Petitioner

(7)

ADDENDUM (to Supporting Facts for 12A.)

granted a request to be heard at sidebar. He then argued that the comment on Mr. Ellen's right to remain silent mandated that a mistrial be ordered. At that point the judge ordered the jury to take a fifteen to twenty minute recess.

After the jury departed, the prosecutor contended that due to the defense of "mental impairment" the testimony was admissible. The judge then indicated that this issue was analogous to an issue previously discussed during a pre-trial motion in limne.[1] According to the judge, the Commonwealth had agreed not to delve into that topic until after the defense had put on its case. She then confirmed that the prosecutor believed that officer's answer was

---

[1] The motion in limne concerned Mr. Ellen's refusal to provide the police with his fingernail scrapings. The prosecutor asserted that if the defense called an expert to testify that Mr. Ellen was not criminally responsible, he would submit evidence that Mr. Ellen refused to turn over the fingernail scrapings. He also expressed his intent to enter evidence that Mr. Ellen made a knowing and intelligent waiver of his Miranda rights. The prosecutor then asked the judge to hold her ruling on the motion. After confirming the prosecutor's intention not to make any mention of this in his case in chief, the judge decided to reserve her ruling until the issue arose.

AO 241 (Rev. 5/85)

(c) At trial  Lawrence McGuire 1 Salem Green, Suite 408, Salem, MA 01970

(d) At sentencing  Lawrence McGuire, 1 Salem Green, Suite 408, Salem, MA 01970

(e) On appeal  David J. Barend, 2 Stonewood Circle, North Attleboro, MA 02760

(f) In any post-conviction proceeding  _____

(g) On appeal from any adverse ruling in a post-conviction proceeding  _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future:  _____

    (b) Give date and length of the above sentence:  _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

03-08-05
(date)

_____
Signature of Petitioner

(7)

ADDENDUM (to Supporting Facts for 12A.)

granted a request to be heard at sidebar. He then argued that the comment on Mr. Ellen's right to remain silent mandated that a mistrial be ordered. At that point the judge ordered the jury to take a fifteen to twenty minute recess.

After the jury departed, the prosecutor contended that due to the defense of "mental impairment" the testimony was admissible. The judge then indicated that this issue was analogous to an issue previously discussed during a pre-trial motion in limne.[1] According to the judge, the Commonwealth had agreed not to delve into that topic until after the defense had put on its case. She then confirmed that the prosecutor believed that officer's answer was

---

[1] The motion in limne concerned Mr. Ellen's refusal to provide the police with his fingernail scrapings. The prosecutor asserted that if the defense called an expert to testify that Mr. Ellen was not criminally responsible, he would submit evidence that Mr. Ellen refused to turn over the fingernail scrapings. He also expressed his intent to enter evidence that Mr. Ellen made a knowing and intelligent waiver of his Miranda rights. The prosecutor then asked the judge to hold her ruling on the motion. After confirming the prosecutor's intention not to make any mention of this in his case in chief, the judge decided to reserve her ruling until the issue arose.

relevant to the lack of criminal responsibility issue. The sidebar discussion concluded with the judge stating that she wanted to take another fifteen to twenty minutes to review relevant cases.

When the judge subsequently recommenced the discussion, defense counsel argued that since the officer's statement went to the heart of Mr. Ellen's case a mistrial must be granted. After another lengthy debate, the judge decided to deny the motion for a mistrial and provide an instruction to the jury. Defense counsel immediately objected asserting that an instruction would underline the error.

The judge maintained her ruling and when the jurors returned she apologized for the long delay. She then reminded the jury of the question posed by the prosecutor just before the recess. The judge went on to tell the jurors that a person who is arrested has the right to remain silent. She further instructed that "when someone chooses to avail themselves" of that right it should never be used against that person. The instruction also included the following statements: "we cannot be forced to testify

against ourselves", "we have protection against incrimination, self-incrimination", and "someone cannot be forced to testify against themselves". The judge concluded by ordering the jury to disregard the officer's response to the prosecutor's question. Defense counsel renewed his motion for a mistrial contending that the instruction "made things worse." The judge denied the motion.

After the Commonwealth rested, the defense presented evidence including the testimony of Mr. Ellen and his wife. Mr. Ellen testified that on Sunday, July 25, 1999, he purchased a large bottle of whisky that he drank throughout the day. Later that evening he entered his bedroom, grabbed two condoms and put them in his pocket with the intention of having relations with his wife. Mrs. Ellen testified that at some point thereafter she and her husband had an argument. Mr. Ellen testified that he had a memory lapse that commenced after his wife indicated that she wanted him to sleep on the couch.

Mr. Ellen's next memory was coming into the light in a kitchen. He claimed that he heard no sounds and had no intentions or thought patterns. As he walked forward his

hands met those of a woman. Mr. Ellen then knocked the woman to the floor. He testified that "the next thing I know I was like slowly pulling the reins of a horse."

After a period of time, Mr. Ellen realized that "something real" was happening and he threw down whatever was in his hand. He then assisted the woman to her feet. Mr. Ellen stated that three or four minutes had passed from the time he regained control until the police arrived and arrested him at the home of his neighbor, Adir Rowland. Mr. Ellen maintained that before July 25, 1999, he had never been inside Ms. Rowland's house.

The defense also called an expert who testified that Mr. Ellen had experienced two dissociation episodes prior to July 25, 1999. The defense expert opined that on July 25, 1999, Mr. Ellen experienced dissociation and lacked substantial capacity to conform his conduct to the requirements of the law and to appreciate the wrongfulness and criminality of his conduct. The Commonwealth then called an expert who admitted that if everything that Mr. Ellen said was believed it could be concluded that he had suffered dissociation on July 25, 1999.