UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER ELLEN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BERNARD BRADY, )<br>)<br>Respondent. )<br> ) | Civil Action No. 05-10538-WGY |

### RESPONDENT'S MOTION FOR CLARIFICATION

Respondent Bernard Brady (the "Respondent") hereby respectfully moves this Honorable Court to clarify its Order of March 31, 2006, in which the Court specified the claims within the Habeas Corpus Petition (the "Petition") filed by Petitioner Christopher Ellen (the "Petitioner") as to which the Court had granted a Certificate of Appealability. In support of this Motion, the Respondent states as follows:

1. The Petition was filed on March 18, 2005 using a standard form. (Pet.) <u>See</u> Rules Governing Section 2254 Cases R. 2(d) (stating that petition must be filed on standard form).

2. In paragraph 9 of the Petition, which directs the preparer to provide information regarding prior appeals of his conviction, the Petitioner listed three grounds that he had raised before the Massachusetts Appeals Court and five grounds that he had raised before the Massachusetts Supreme Judicial Court. (Pet. ¶ 9.)

3. Paragraph 12 of the form petition directs the preparer to state "every ground on which [he] claim[s] [he is] being held unlawfully." (Pet. ¶ 12.) This instruction is

        consistent with Rule 2(c) of the Rules Governing Section 2254 Cases, which states that "[t]he petition must . . . specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground."

4. In paragraph 12 of his Petition, the Petitioner listed only one ground for relief. (Pet. ¶ 12.) That ground was that "[t]he references to petiiioner's [sic] post-Miranda silence during the State's case constituted a violation that had substantial influence in determining the jury's verdict where the sequence of events included a jury instruction that was neither prompt nor proper." (Id.) The Petitioner also included supporting facts, as the form directs. (Id.)

5. Accompanying the Petition was the Petitioner's Memorandum and Appendix in Support of Habeas Corpus Relief. (Pet'r's Mem. Supp. Pet.) His memorandum addressed only one ground for habeas corpus relief – the same ground listed in paragraph 12 of his Petition. (Id.)

6. On December 28, 2005, the Respondent filed his Memorandum in Opposition to Petition. (Resp't's Mem. Opp'n Pet.) Therein, the Respondent addressed the one ground that was listed in paragraph 12 of the Petition and addressed in the Petitioner's memorandum. (Id.) The Petitioner did not file a reply memorandum.

7. On February 14, 2006, this Court held a hearing on the merits of the Petition. (Tr. of Hr'g of Feb. 14, 2006.) At that hearing, the one legal issue addressed was the one ground listed in paragraph 12 of the Petition and addressed by the parties in their respective memoranda. (Id.) The Court denied the Petition and indicated that it would issue a Certificate of Appealability. (Id.; USDC Order of Feb. 15, 2006.)

8. On March 29, 2006, the United States Court of Appeals for the First Circuit issued an Order requesting that this Court specify the issues as to which its Certificate of Appealability was granted. (USCA Order of Mar. 29, 2006.)

9. On March 31, 2006, this Court issued an order stating, "THE CERTIFICATE OF APPEALABILITY is GRANTED as to Grounds 1-3 and 5. It is NOT GRANTED as to Ground 4." (USDC Order of Mar. 31, 2006.)

10. Given that the Petition asserts only one ground for habeas corpus relief, it appears that the wording of the Court's Order of March 31, 2006 may have resulted from an inadvertent clerical error. In any event, both parties and the Court of Appeals could benefit from clarification as to the precise grounds as to which this Court has issued a Certificate of Appealability.

WHEREFORE, the Respondent respectfully requests that this Honorable Court provide clarification as to the precise grounds as to which it has issued a Certificate of Appealability.

Dated: April 19, 2006

Respectfully submitted,

THOMAS F. REILLY
Attorney General

 /s/ Randall E. Ravitz
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2852

## CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I have conferred in good faith with opposing counsel regarding the issues raised in the accompanying motion, and opposing counsel indicated that he takes no position on the motion.


Dated:  April 19, 2006                                         /s/ Randall E. Ravitz
                                                               Randall E. Ravitz

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Electronic Case Filing system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the date set forth below.


Dated: April 19, 2006                                          /s/ Randall E. Ravitz
                                                               Randall E. Ravitz